(No. 5635.   Decided August 1, 1905.)

EUGENE BUCHANAN, *Appellant,* v. PHILIP LABER *et al.,*
*Respondents.*[1]

APPEAL—REVIEW—NEW TRIAL—AFFIDAVITS. Upon appeal from an
order granting a new trial, the supreme court will not consider an
affidavit that was struck out at appellant's request.

NEW TRIAL—JURY—MISCONDUCT—PARTY TREATING A JUROR. A new
trial is properly granted for misconduct of a juror where it appears
that, during the progress of the trial, he engaged in private conversa-
tions, and drank in a saloon, with a party to the suit.

SALES—WARRANTY—EVIDENCE BY PAROL TO VARY WRITING. Evi-
dence of an oral warranty of a gasoline engine is not admissible
where it was sold by a written contract referring to a printed cata-
logue for the terms of the warranty, which must control, and cannot
be varied by parol.

SALES—WARRANTY—WAIVER—QUESTION FOR JURY. In an action
for breach of warranty on the sale of an engine it is not necessary
to show notice to the manufacturer of defects within five days as
provided in the contract, where the evidence tends to show a waiver
of the notice, making the waiver and warranty questions for the jury.

Appeal from an order of the superior court for Lincoln
county, Chapman, J., entered February 6, 1905, setting aside
the verdict of a jury rendered in favor of the plaintiff, and
granting a new trial.   Affirmed.

*H. N. Martin* and *J. T. Mulligan,* for appellant.
*H. A. P. Myers,* for respondents.

HADLEY, J.—This is an action to recover the contract
price of a gasoline engine which, it is alleged, was sold by
the plaintiff to the defendants.   The answer alleges that the
defendants ordered of plaintiff one twelve horse-power Flour
City traction engine, and that the same was afterwards de-
livered to them at Creston, Washington; that the engine was
warranted by the plaintiff to be built of good material and
capable of developing twelve horse-power at all times when
in use; that it was not capable of developing said amount

1 Reported in 81 Pac. 911.

of power; that it was not built of good materials as warranted, and that the materials were put together in an unworkmanlike manner; that it constantly leaked gas and was of no value whatever; that the defendants notified plaintiff that they desired a test made of the engine before accepting it, and that in response thereto the plaintiff and an expert, an employee of the manufacturer, went to Creston to make such test; that the test failed to prove that the engine was capable of developing twelve horse-power, and that both the plaintiff and the expert there admitted that it was defective; that it leaked gas and was not up to the standard called for by the warranty. The material averments of the answer are put in issue by the reply. The cause was tried before a jury, and resulted in a verdict for the plaintiff. The defendants moved that the verdict be set aside and for a new trial. The motion was granted, and the plaintiff has appealed.

It is assigned that the court erred in setting aside the verdict and granting a new trial. Affidavits were submitted in support of the motion for new trial, to the effect that during the trial one of the jurors was on several occasions engaged in conversation with the appellant when no others were present; that after the evening meal of the day on which the trial was finished, the appellant and said juror drank together at the bar of the Vendome hotel; that about noon of the same day the appellant and both respondents had taken a drink at said bar, and that appellant, seeing said juror in the lobby of the hotel, called to him, and in response thereto the juror came into the bar room and appellant then treated him to a drink, and paid for the same; that this was done without the suggestion or consent of respondents.

Respondents also call our attention to another affidavit made by a juror to the effect that, after the verdict had been signed by the foreman as a sealed verdict, about eleven o'clock at night, the jury separated, and nine or ten of them

were then treated to drinks by appellant's counsel and in appellant's presence. A motion was made to strike this affidavit, on the alleged ground that it tended to impeach the verdict. The court filed a written opinion in deciding the motion for new trial, and referred to matter contained in the juror's affidavit as though it might have been considered with the rest of the affidavits. Later, however, an additional written opinion was filed, to the effect that the court had overlooked the motion to strike the juror's affidavit, and the motion to strike it was granted. But the court stated that the decision by which the new trial was granted was not based upon that affidavit. The juror's affidavit is therefore not before us for consideration, since it was stricken at appellant's request, and the appeal of the latter does not bring that subject here for review. In view, however, of what is contained in the affidavits that were considered, we shall not interfere with the discretion exercised in the granting of the new trial.

Appellant contends that affidavits in the record show that the juror first mentioned, who conversed and drank with appellant, was of such established good character in the community that he could have been in no sense influenced thereby. Influences are, however, often subtle and may unconsciously affect the verdict of a juror. The verdict should be free from the taint of even suspicion that it resulted from undue influence. The impropriety of the conduct of the juror and appellant is manifest. In *Vollrath v. Crowe,* 9 Wash. 374, 37 Pac. 474, the plaintiff and one of the jurors played at cards and drank together in a saloon. They also walked together and conversed with each other. The court, in that case, said:

"Such conduct upon the part of the plaintiff and the juryman was reprehensible in the extreme. Instead of seeking each other's society they should rather have avoided it. Trials of causes should have the appearance of fairness, and it

would tend greatly to bring judicial proceedings into disrepute if matters of this kind should be overlooked or tolerated."

It is, however, urged that the court should have discharged the jury and rendered judgment for appellant at the close of the respondents' case, and that, without regard to the matters considered on the motion for new trial, the judgment which was entered upon the rendition of the verdict was right and should not have been set aside. This contention is based upon the alleged ground that a verdict in favor of respondents could not have been sustained within the issues, and under the competént evidence in the case. It is asserted that the warranty of the engine was contained in a written contract, and that the evidence showed that respondents had not complied with the terms of the contract in regard to giving notice of defects in the engine. The respondents alleged in general terms that appellant warranted the engine and did not confine their allegations to a written warranty. The court ruled that, under the broad allega- tions of their pleading, they were entitled to show any warranty which was made, either written or parol. But appellant points out that the written contract between the parties had been admitted in evidence without objection; that it was not in dispute, and that upon its face it referred to a certain catalogue, published by the manufacturer, for the terms of the warranty; that it was therefore written, and that the evidence of a parol warranty was improperly admitted. This contention must be sustained under the following stated rule:

"A warranty, however, is no exception to the general rule excluding parol evidence offered to vary the terms of a written contract. If the contract of sale is in writing, its terms are conclusive as to the existence and the extent of express warranties made before or at the time of the sale, and evidence of prior or contemporaneous verbal agreements or representations is not admissible for the purpose

of proving other or different warranties; the parties are presumed to have included in the written instrument all the terms of their agreement." 30 Am. & Eng. Ency. Law (2d ed.), 168.

We must therefore refer to the published catalogue for the terms of the warranty. It clearly warrants the engine to be built of good material and to be capable of developing the horse-power mentioned in the contract between the parties, viz., twelve horse-power. It provides that, after written notice to the manufacturer of defects in the engine, reasonable time shall be allowed to remedy the defects and apply certain tests as to the power it may develop. And it also contains the following clause:

"Continued possession of the engine for five days without complaint being made direct to the Kinnard-Haines Co., at its factory in Minneapolis, Minnesota, by registered letter, shall be sufficient evidence that this warranty is fulfilled."

Appellant contends that respondents failed to show that they gave notice in accordance with the above, and that by the express terms of the contract the warranty was therefore fulfilled. There was evidence, however, tending to show that appellant waived that provision of the contract, and it therefore became a question for the jury to determine whether it was waived, and if so whether the engine was up to the standard of the warranty.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, RUDKIN, CROW, ROOT and DUNBAR, JJ., concur.