[No. 18884. Department One. December 18, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. FLORENCE WILLIAMS, *Appellant*.[1]

INTOXICATING LIQUORS (31, 51)—OFFENSES—JOINTIST—"CONDUCTING AND MAINTAINING" PLACE—KNOWLEDGE AND INTENT—INSTRUCTIONS. In a prosecution for being a jointist, in which defendant's co-defendant was not apprehended or tried, it is not error (as authorizing a verdict for mere negligence), after instructing that the evidence must convince beyond a reasonable doubt that the defendant on trial opened up, conducted or maintained the place for the unlawful purpose charged, and did so knowingly, to add explanatory words to the effect that defendant must have known, "or possessed such knowledge as charged her with knowledge" and "knew or should have known" of the unlawful purpose.

CRIMINAL LAW (452)—APPEAL—HARMLESS ERROR—INSTRUCTIONS. In a prosecution charging the offense of jointist continuing from March 1, 1922, to September 30, 1923, when the defendant did not go into possession until September 17, 1922, it is error without prejudice to instruct that the offense might be found to have been committed at any time within three years before the filing of the information, where there was no proof that the place was opened up prior to September 17, 1922.

SAME (391)—APPEAL—REVIEW—INSTRUCTIONS—REQUESTS. In a prosecution for being a jointist, error cannot be assigned on the failure to limit the evidence of sales and possession to proving in-

[1]Reported in 231 Pac. 21.

tent only, where no proper request was asked for such an instruction.

INTOXICATING LIQUORS (31, 51)—OFFENSES—JOINTIST—UNLAWFUL SALES—PRESUMPTIONS—INSTRUCTIONS. In a prosecution for being a jointist, it is proper to refuse a requested instruction to the effect that a single sale or possession of intoxicating liquor would not be sufficient of itself to establish that defendant conducted or operated the place for the unlawful sale of liquor; the proper instruction being that the presumption of the statute against sales or possession does not extend to the crime of jointist, and the evidence of sales or possession is to be considered only as determining the fact as to the purpose for which the place was opened up or conducted.

CRIMINAL LAW (347)—NEW TRIAL—MISCONDUCT OF JURORS—PREJUDICE. In the absence of proof of prejudice, a new trial should not be granted in a jointist case, because the jury, while in charge of an officer on the way to a restaurant, passed near the place in suit, and saw and commented on a witness for the defense who was intoxicated, and who had testified for the defense that he had never been intoxicated in the place or procured liquor there.

JURY (45, 51)—EXAMINATION—WEIGHT OF EVIDENCE—CHALLENGE—HARMLESS ERROR. It is not prejudicial error to sustain an objection to a question demanding a yes or no answer as to the prejudice of a witness against the accused, where the court ruled that the witness had a right to explain his answer; and especially where his bias and prejudice was so fully shown that counsel did not press the matter.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered January 7, 1924, upon a trial and conviction of being a jointist. Affirmed.

*Holden, Shumate & Cheney* and *Charles H. Allen,* for appellant.

*Arthur McGuire,* for respondent.

TOLMAN, J.—This is an appeal from a conviction on a jointist charge.

It appears that appellant went into possession of the premises in question under a written lease, on September 17, 1922, and there conducted a lodging house until the information was filed. The information charged

that the offense was committed jointly with one Frank Sells, but Sells was not apprehended and appellant alone was tried.

The first question raised is with reference to three certain instructions, in the first of which, after telling the jury that the evidence must convince beyond every reasonable doubt,

"not only that such defendant, at the time and place mentioned in the information, opened up, conducted or maintained a place for the unlawful sale of intoxicating liquor, but also that such defendant did so knowingly; or, in other words, *that such defendant knew, or possessed such knowledge as charged her with notice,* that such place, at the time and place mentioned in the information, was opened up, conducted or maintained for the purpose of unlawful sale of intoxicating liquor. It is not sufficient merely that such defendant was interested, either as principal or agent, in opening up, conducting or maintaining such place for a lawful purpose; but before you can find defendant guilty it is necessary that it be proved from the evidence beyond every reasonable doubt *that such defendant knew or should have known that such place, at the time and place mentioned in the information, was opened up, conducted or maintained for the purpose of unlawfully selling intoxicating liquor."*

The second instruction contains a repetition of the language italicized in the foregoing quotation, and the third advises the jury that it is unnecessary to find that the defendant opened up, conducted and maintained a place, but "it is sufficient to convict if you find from the evidence beyond a reasonable doubt that she either opened up, or conducted, or assisted in conducting, or maintained, or assisted in maintaining the place in question," etc.

Appellant argues that these instructions, in view of the joint information, permitted the jury to convict if the appellant lacked diligence, or was negligent in as-

certaining or knowing that her co-defendant was engaged in carrying out a guilty purpose; citing *State v. Bussi,* 121 Wash. 314, 209 Pac. 523. In that case it was said:

"It is apparent, also, we think, that a person may unlawfully sell intoxicating liquor at a place maintained by another for that purpose without himself being guilty of maintaining the place. To conduct or maintain a place, in the sense in which these words are used in the statute, implies some sort of control over or management of the place, some right to direct the manner of its conduct or maintenance, something more than the mere permission to use the place for the unlawful purpose for which it is maintained; and this whether the person using it for the unlawful purpose pays a consideration for the privilege or not. There are certain things, it is true, the mere use of which necessarily implies a temporary control and management, but it is not so with a thing of this sort. One person may permit another to use a place which he maintains for the unlawful sale of intoxicating liquor, without even a temporary surrender of its management to that other. It must follow, therefore, that to show that a person unlawfully sold intoxicating liquor at a place maintained for the purpose, is not to show that the person maintained the place."

We see here no invasion of the rule so announced. In the instructions complained of, the jury was clearly told that the evidence must convince beyond a reasonable doubt that the place was opened up, conducted, or maintained for the unlawful purpose charged; that the defendant on trial so opened up, conducted or maintained the place, and did so knowingly, and the explanatory words to which objection is urged could not, when read with the context, be so construed as to lead to conviction because of non-action or negligence. While perhaps the words used, or their arrangement, might be improved upon, yet we cannot hold that their use was so faulty as to in any manner mislead.

It is next urged that, as the information charged the offense as continuing from March 1, 1922, to September 30, 1923, and the uncontradicted proof showed that appellant did not go into possession or have any connection therewith until September 17, 1922, it was error to charge that the offense might be found to have been committed at any time within three years prior to the filing of the information. If so, it was error without prejudice, because the record reveals that no proof was submitted that the place was opened up, maintained or conducted by anyone or at all prior to the time appellant went into possession, and the jury could not in that respect assume anything to her prejudice.

It is next urged that, in instructing the jury, the trial court failed to limit the evidence of sales and possession to the purpose of proving intent only. It is correctly argued that possession and sale of intoxicating liquor constitute separate and distinct crimes, and proof of such crimes is not necessarily proof of the crime here charged. The instructions complained of might well have been expressly so limited; but in the absence of a proper request therefor, the failure to so instruct was non-direction and not misdirection, and we can grant no relief. To be considered in this connection is appellant's requested instruction intended to limit the instructions to which we have just referred, but as we view it, this requested instruction went too far. After defining the offenses of unlawful sale and unlawful possession of intoxicating liquor, the requested instruction proceeds:

"You are instructed, however, that the defendant is not charged with either one of these offenses. The mere fact that the defendant did make a single sale of intoxicating liquor, or have possession of intoxicating liquor other than alcohol, if you should be satisfied beyond a reasonable doubt of such fact or facts, would not be sufficient of itself to establish or prove that the

defendant conducted and operated a place for the unlawful sale of intoxicating liquor.''

It is true that the presumption of the statute goes no farther than the language implies, i.e., that possession is *prima facie* proof of intent to make unlawful sale or disposition, and that a presumption cannot be based upon a presumption. It does not follow from the statute that the unlawful sale or disposition is *prima facie* evidence that a certain place is maintained for the purpose of such sale; but, upon the other hand, there being proper proof before the jury that the person charged opened up, maintained and conducted the place, evidence of a sale or sales and of possession may be sufficient to convince the jury of the fact that the place was so opened up, maintained and conducted for the purpose of unlawful sale of intoxicating liquor. The request should have been merely to the effect that the presumption of the statute does not extend to the crime charged in the information, and that the evidence of a sale or sales, or of possession, should be considered by the jury, in connection with all of the other facts and circumstances shown, only in determining the fact as to whether or not the place was opened up, maintained or conducted for the purpose charged. Since the requested instruction went too far and invaded the province of the jury, it was not error to refuse it.

The other requested instructions, the refusal of which are thought to be erroneous, are either sufficiently covered by instructions given, or went too far, and we find no error in these rulings.

After the jury had retired to consider its verdict, and at about 1:00 o'clock in the morning, by direction of the court it was taken, in charge of bailiffs, from the jury room upon the streets of the city where the trial took place to a nearby restaurant for luncheon.

While passing along the street not far from the place where the offense was charged to have been committed, a person who had been a witness for the defense and who had testified that he had never been intoxicated in the place, never had seen liquor sold there, and had disputed certain evidence offered by the state, was seen upon the street in an intoxicated condition by the jury, and remarks were afterwards passed between the members concerning the occurrence; but there is an entire lack of any showing that prejudice resulted. We can easily theorize that prejudice may have followed, but that is not sufficient. Here was an incident occurring entirely out of the presence of the court, which the court could not reasonably have anticipated or guarded against, after the case was finally submitted to the jury, and something more than the possibility of prejudice must be shown to warrant a new trial because of it. The burden was upon the appellant to establish actual prejudice, and this burden has not been met.

It is next urged that it was error to permit the state, over objection, to examine prospective jurors on their *voir dire* as to the weight they would accord to the testimony of paid investigators. This question seems to be fully answered by what was said in *State v. Larkin,* 130 Wash. 531, 228 Pac. 289. The appellant had no vested interest in any particular juror, and if some were excused by the state whom she would have preferred to retain, that does not argue that she did not have a fair and impartial jury.

Lastly, it is contended that error occurred in sustaining the objection to a question propounded to a witness for the state on cross-examination in which a demand for a yes or no answer was embodied. What actually occurred was this:

"Q. You are interested in the prosecution of this case I presume? A. Yes. Q. You want to see the de-

fendant convicted if it is possible? A. I want to see everybody that I think is guilty of violation of the intoxicating liquor law found guilty. Q. Is it not true that you want to see this defendant convicted, answer that yes or no? Mr. McGuire: If he can, there might be a qualification—Witness: You want me to answer that? Mr. Shumate: Yes. A. I know the defendant is guilty and I want to see her found guilty. Mr. Shumate: Move to have that answer stricken as not responsive to the question. The Court: That may be stricken. I think I will sustain the objection to the question unless it is answered that way; he has a right to explain if he does answer it. Mr. Shumate: If your honor doesn't think it is competent I won't press it. The Court: If you want to ask that question you may ask it, but he has a right to explain his answer."

Clearly the attitude and bias, if any, of the witness was fully revealed to the jury, and if the answer had been allowed it would have brought nothing before the jury which was not already obvious. Moreover, counsel's diplomatic position of not pressing the matter further was a virtual withdrawal of the question, and we find no possibility of prejudice in the ruling.

Finding no prejudicial error, the judgment appealed from is affirmed.

MAIN, C. J., BRIDGES, PEMBERTON, and PARKER, JJ., concur.