[No. 20423. Department One. June 27, 1927.]

C. F. LEHMAN *et al., Respondents,* v. THE CITY OF HOQUIAM, *Appellant.*[1]

[1] NEW TRIAL (13½) — GROUNDS — MISCONDUCT OF JURORS. It is within the discretion of the trial judge to grant a new trial, where it appears that some of the jurors violated the instructions of the court as to their duty not to discuss the case during their view of the premises, and listened to matters evidential in nature, material and important, made out of court by a witness for one of the parties without the knowledge of the attorneys and not subject to cross-examination.

Appeal from an order of the superior court for Grays Harbor county, Campbell, J., entered October 21, 1926, granting the plaintiffs a new trial, after a verdict of the jury rendered in favor of the defendant, in an action for damages. Affirmed.

¹Reported in 257 Pac. 388.

*James P. H. Callahan* and *Theodore B. Bruener,* for appellant.

*A. M. Abel* and *John D. Ehrhart* (*W. H. Abel,* of counsel), for respondents.

MITCHELL, J.—This action was brought by the respondents against the city of Hoquiam to recover damages for injuries to an automobile. It was alleged that the city had permitted the foundation supporting the superstructure of one of its bridges to become decayed and unsafe for travel and that, while the automobile was being driven over it, the bridge collapsed and damaged the automobile. The city denied that the bridge was in an unsafe condition and alleged that the collapse of it was caused by the reckless and negligent driving of the automobile. The plaintiffs denied that the driver was reckless or negligent. Upon the trial, the jury returned a verdict for the city. The plaintiffs filed a motion for a new trial on several of the statutory grounds. It was granted by the trial court on the sole ground of misconduct of the jury. The city has appealed.

[1] At the close of all the testimony, the court ordered a view of the premises by the jury in charge of the bailiffs and, for that purpose, allowed each party to the action a representative to point out the scene of the accident. The city engineer of Hoquiam, who had been a witness for the city, was suggested by the city and designated by the court as the city's representative. In the presence of the representatives of the respective sides, the court instructed the jury in the usual manner as to the view they were to make of the scene of the accident. Among other things, he told them not to talk to any one about the facts in the case; that they were simply to go there and see for themselves; that

they were not to talk among themselves or come to any conclusion until after they got back. He further stated:

"The purpose of going down to see the scene of this accident is to better understand the testimony which you have heard. You are not to permit the people who show you the premises to say anything to you, except to show the premises. I want the jury and the parties to take particular notice of that, that nobody is to say anything to the jury pertaining to this case except to show them the premises."

It appears that, after the accident, the construction of the new bridge proceeded and, at the time of the view by the jury, a lot of timbers were lying at or near the scene, some of the timbers being old. The affidavits supporting the motion for a new trial were to the effect that, on arriving at the premises, the city engineer, either voluntarily or in answer to questions by one or more jurors, told them that certain old timbers there had not been in the bridge that collapsed, but that they had been left on the ground by the contractors who built the new bridge, and that he told them that one of the timbers of the old bridge was over at a certain place several hundred feet away; that he took some of the jurors over to see this timber and, upon one of the jurors speaking of a hole in the timber that evidenced decay, he told them it had been cut into by the linemen in connection with work on the bridge structure that had caused the timber to decay. This last, we understand, particularly from the engineer's answering affidavit, referred to a timber which the engineer told the jury or those members to whom it was shown was used by the electric company's linemen who made periodic examinations of the light placed on the top of the bridge. That is, it had not been a part of the foundation of the bridge which it was alleged gave way.

These matters were evidential in their nature. The statements were made out of court, not under oath, by one not subject to cross-examination and who was an officer of the city and who, as its engineer, had testified in the case. The questions and answers were in violation of the specific instructions of the court. It appears that the respondents and their attorneys were not aware of the circumstances or conversations until after the verdict.

There were counter-affidavits, either denying in part or giving a somewhat different version of what was said in the conversations, and still other affidavits of some of the jurors who heard nothing of the sort. This presented a question of fact, and an examination of all the proof shows that it clearly supports the trial court's finding substantially as set out in the affidavit supporting the motion for a new trial.

The matters complained of were, of course, of sufficient materiality and importance, under the issues and testimony that had been given in court, to appeal to the serious consideration of the trial court. He was familiar with the atmosphere surrounding the trial and was qualified, as a factor in that trial, to weigh and construe the actions and conduct of jurors and those having conversations with them outside of the court in violation of his admonition. The thing involved in the motion for a new trial was the trial judge's view of a fair trial as those plain terms are commonly known and understood, and rested in the sound discretion of the trial judge. *Buchanan v. Laber,* 39 Wash. 410, 81 Pac. 911; *State v. Adamo,* 128 Wash. 419, 223 Pac. 9. In the *State v. Adamo* case we said:

"The granting of a new trial because of the alleged misconduct of jurors is in the discretion of the trial

court and we will not interfere unless we are convinced that the discretion has been abused.''

Applying the rule to the present case, we find no abuse of discretion on the part of the trial judge in granting a new trial.

Affirmed.

MACKINTOSH, C. J., MAIN, FRENCH, and FULLERTON, JJ., concur.