[No. 22125.   Department One.   April 14, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. ROSS
PARSONS, *Appellant*.[1]

*W. B. Mitchell,* for appellant.
*Joseph H. Johnston,* for respondent.

TOLMAN, J.—Appellant was, by information, charged
with the offense of manufacturing intoxicating liquor
with intent to sell, in conjunction with others.  He was
tried to a jury and on a verdict of guilty was sentenced
to pay a substantial fine and to serve five months in the
county jail.  This appeal followed.

The errors assigned question the rulings of the trial
court in denying a motion for a directed verdict at the
close of the state's case and again at the close of all of
the evidence, the refusal to give certain requested in-
structions, the giving of certain instructions, and the
denial of a motion for a new trial.  The state presented
ample evidence, if believed, to establish every element
of the crime charged and the motions for a directed
verdict were properly denied.

[1]Reported in 286 Pac. 848.

Four requested instructions were not given in the form proposed by appellant, but an examination of the instructions actually given shows that the substance of these requested instructions, so far as they were proper, correctly and clearly setting forth the law on the subjects, thus brought to the court's attention, was given. Hence, appellant has no ground for complaint in that respect.

The instructions given which seem to be criticized are such as are usually given in cases of this character, and none of them presents any special feature calling for discussion. It is doubtful if the exceptions taken are sufficient to entitle the appellant to a review of the instructions given, but in any event we think the jury was properly instructed.

Under the fourth assignment of error, it is argued that, as shown by certain affidavits brought here in the statement of facts, the jury was permitted to receive evidence which had been rejected by the trial court, in that, while the jury was in the jury room, the sheriff took from the court room a rejected exhibit, being a barrel filled with some liquid substance, transported it to the yard in the rear, which was in full view through the window from the jury room, and there emptied it. The jurors seem to have observed the proceeding, but we find nothing in the record which in any manner points out how the jury was, or might have been, prejudiced by what they saw. Accepting the showing at its full face value, it is evident that appellant has entirely failed to show that the jury was prejudiced or to indicate that the jury might have been prejudiced even if they had known that the liquid emptied was the substance which the court had refused to admit in evidence.

Since there was no showing that prejudice resulted,

the situation presented is well within the rule laid down in *State v. Williams,* 132 Wash. 40, 231 Pac. 21. See, also, *State v. Adamo,* 128 Wash. 419, 223 Pac. 9.

Finding no error, the judgment is affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.