[No. 39982. Department One. December 19, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH CHARLES LEMIEUX, *Appellant*.*

*Niemeier & Hamilton* (*C. Conrad Green*, of counsel), for appellant (appointed counsel for appeal).

*Myron H. Freyd*, for respondent.

*Reported in 448 P.2d 943.

GAINES, J.†—The appellant was convicted of the crime of rape and seeks a new trial on the ground of misconduct of a state witness before the jury in the absence of the court and counsel.

The state's proof was that appellant invaded the home of Mrs. . . . in Kitsap County in the early morning of October 15, 1966, and forcibly raped her. Identity was established by testimony of the victim who recognized him as a person she had known in school, and by a fingerprint of appellant on a glass he had handled when he forced her to pour him a drink of wine. The victim's stepfather delivered the wine glass to the sheriff's office where testing disclosed the appellant's fingerprint. The appellant's defense was an alibi to the effect that he was at his grandmother's house when the attack took place.

Some 3 months after the verdict, appellant's counsel learned that a prosecution witness had made remarks to the jury in the absence of the court and counsel. He immediately informed the court and made a motion for a new trial supported by affidavits of jurors. After a hearing the court found that during the trial it became necessary for the court, counsel, and the court reporter to confer in chambers and that to save time, a witness for the prosecution, the victim's stepfather, had been left on the witness stand and the jury left in the jury box; that during this interval the witness engaged in a friendly conversation with members of the jury and mentioned he had served on the jury himself. He also stated that if he had not picked up the wine glass with defendant's fingerprint on it the sheriff's office would never have had the glass as evidence. The court concluded that while appellant did not have a perfect trial by reason of the incident, it believed he did in fact have a fair trial and his motion for a new trial should be denied.

The appellant urges that the unauthorized statements to the jury in the absence of the court and counsel were so prejudicial to him that he was denied a fair trial.

†Judge Gaines is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

■ As was pointed out in *Lehman v. Hoquiam,* 144 Wash. 181, 184, 257 Pac. 388 (1927):

The thing involved in the motion for a new trial was the trial judge's view of a fair trial as those plain terms are commonly known and understood, and rested in the sound discretion of the trial judge. *Buchanan v. Laber,* 39 Wash. 410, 81 Pac. 911; *State v. Adamo,* 128 Wash. 419, 223 Pac. 9.

This discretion will not be disturbed unless it appears from the facts that there has been an abuse of that discretion. *State v. Marks,* 71 Wn.2d 295, 427 P.2d 1008 (1967); *State v. Wilson,* 71 Wn.2d 895, 431 P.2d 221 (1967); *State v. Harris,* 62 Wn.2d 858, 385 P.2d 18 (1963); and *State v. Adamo,* 128 Wash. 419, 223 Pac. 9 (1924).

■ Something more than a possibility of prejudice must be shown to warrant a new trial. *State v. Williams,* 132 Wash. 40, 231 Pac. 21 (1924). Before a verdict will be vitiated because a jury considered material not properly before it, there must be a showing of reasonable grounds to believe that a defendant has been prejudiced. *State v. Rinkes,* 70 Wn.2d 854, 425 P.2d 658 (1967).

In this case we find the witness making a remark about his jury service and a self-congratulatory comment about his carrying the glass to the sheriff's office which added nothing of consequence to his testimony in open court.

The jury took an oath to be fair and we see no reason to believe they would disregard their obligation because of the behavior of this witness. While such conduct cannot be condoned, we do not find reasonable grounds to believe appellant was denied a fair trial.

The motion for a new trial was properly denied and the judgment is affirmed.

HILL, WEAVER, HALE, and McGOVERN, JJ., concur.