[No. 82-3.    Division Three.    March 19, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. GLORIA HILL MANSFIELD, *Appellant*.

*Elwood Hutcheson*, for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire, Prosecuting Attorney*, and *Gary G. McGlothlen, Deputy*, for respondent.

GREEN, J.—Defendant, Gloria Hill Mansfield, was charged with two counts of first-degree forgery. She was convicted on one count and acquitted on the other. Defendant appeals from a denial of a motion for new trial based upon alleged misconduct of the state in cross-examination of a defense witness.

Defendant claimed she had consent to write, sign and cash the checks involved. In support of this defense, she called Quincy Brown as a witness. Her testimony related only to the second count on which defendant was acquitted. On cross-examination, just after Miss Brown admitted a prior conviction of forgery, the following occurred:

> Q *And your testimony in that trial, wasn't it your testimony that you had permission to write those checks?* MR. HUTCHESON: Oh, that's objected to. THE COURT: Sustained. Sustained. The jury will disregard all inferences arising from this question. Counsel is admonished not to go into evidence from other trials. It is immaterial here, and the jury will disregard it.

(Italics ours.) Defendant contends the above-italicized question constituted misconduct so flagrant she was deprived of a fair trial.

■ Although other witnesses testified, the only testimony before this court is that of Quincy Brown. In ruling upon defendant's motion for new trial, the trial judge wrote the following letter opinion to counsel:

> I have gone over the testimony of Quincy Hill Brown, in the above-entitled case, together with notes with respect to the balance of testimony offered in the case.
>
> At the time that Mrs. Brown was asked, what the Court feels was an improper question, I was convinced that there would be prejudice resulting from it. After reviewing the testimony, however, I did not continue to have that feeling. The one question was asked Mrs. Brown in the context of what has developed to be about thirteen pages of testimony. The question was not answered and the Court admonished counsel rather severely in connection with it.
>
> More importantly, the testimony of Mrs. Brown went to the establishing of a charge for which the defendant was acquitted. Had Mrs. Mansfield been convicted on this charge and acquitted on the other, or had she been convicted on both charges, this Court would resolve all doubts in her favor and order a new trial. Under the circumstances, however, I do not believe there is sufficient indication of prejudice to warrant the Court in believing that such prejudice actually affected the verdict.
>
> Mrs. Mansfield was convicted on a charge not affected by the testimony of Mrs. Brown and upon which she had no corroborating witness. The charge for which she was acquitted she not only had Mrs. Brown but another corroborating witness, together with her admitted willingness to have her picture taken at the time the check in question was passed. On the charge for which she was convicted she fled without collecting the money which she was attempting to obtain by reason of the check.
>
> Overall, the Court feels there existed in the testimony a logical reason for the jury to hold as it did on the two charges. While there is the theoretical possibility, under the circumstances, that prejudice existed because of the question involved here, I do not deem it, under all of the above-mentioned circumstances to be substantial, and

therefore, will deny the motion for mistrial. I do not believe that other grounds urged for mistrial require individual discussion.

The denial of a new trial is within the sound discretion of the trial court. *State v. Lemieux*, 75 Wn.2d 89, 448 P.2d 943 (1968). The record does not disclose an abuse of that discretion. The trial judge had the opportunity to see and hear all of the witnesses. He instructed the jury to disregard the question. Therefore, the trial court's ruling will not be disturbed.

Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.

Petition for rehearing denied May 5, 1971.