IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 38729-1-III |
| | ) | |
| PEDRO CADENAS, | ) | UNPUBLISHED OPINION |
| a/k/a PEDRO CARDENAS, | ) | |
| | ) | |
| Petitioner. | ) | |

PENNELL, J. — Pedro Cadenas has filed a personal restraint petition (PRP)
challenging his convictions for first degree murder, second degree unlawful firearm
possession, and attempted theft of a motor vehicle. He makes constitutional claims
pertaining to three alleged trial errors: (1) denial of a for-cause challenge during jury
selection, (2) denial of a mistrial motion, and (3) prosecutorial misconduct during closing
argument. Mr. Cadenas has not shown any of these three alleged errors warrants relief.
His petition is therefore denied.

## FACTS

Pedro Cadenas shot and killed Manual Molina during an attempted vehicle theft.
Mr. Cadenas was charged with first degree murder, second degree murder, second degree

unlawful firearm possession, and attempted theft of a motor vehicle. His case proceeded to a jury trial.

During voir dire, juror 6 was questioned individually about information he disclosed in response to a jury questionnaire. Juror 6 related that his mother had been raped and murdered. The following exchange took place between defense counsel and juror 6:

> Q. . . . We're just wondering how has that affected, you, and would it affect you to go through a murder-type trial?
> A. Well, you know, that was something–I don't know for sure. You know, since yesterday certainly [I] have been reflecting on that period of time in my life. But, you know, I don't know how emotional or whatever I'd get about it, but I think I'd be relatively stable.
> Q. So you don't feel like it would distract you in any way?
> A. Well, that's the part that I'm not really clear on if—if, yeah. I don't think it would, but you never know.
> Q. If it did distract you, would you be willing to bring it to the Court's attention?
> A. Sure.

1 Rep. of Proc. (RP) (Nov. 14, 2018) at 42. Defense counsel also asked juror 6 about an additional answer on the juror questionnaire:

> Q. And then you also indicated in your questionnaire that you feel like you could not be fair and impartial in this case regarding your history with your mother's trauma and those types of things. So to balance that out obviously you thought about it last night. Has your opinion changed?
> A. Well, I can't say it's changed. It's basically—I put that down just as a flag, if nothing else, because I think it would be OK, but, you know, I don't want to go with the pretense that—I'll definitely, you know, be fine

2

and wouldn't have some, you know, it wouldn't affect me. I don't think it
would, but, you know, I don't know for sure.

*Id*. at 43. Juror 6 explained his mother was murdered in 1980 and that he had served

on a jury for a driving under the influence trial in 1992. He further stated that no other

factors would have an effect on his ability to sit on the case.

At the end of questioning, defense counsel moved to strike juror 6 for cause.

The trial court denied the for-cause challenge, reasoning: "Listening to the statements,

the testimony of the prospective juror this morning, the Court does not believe that it's

been established that he could not be fair and impartial in this case." *Id*. at 45-46.

Later, during general voir dire, juror 27 raised her hand in response to a question

regarding false accusations. Juror 27 explained she had been falsely accused of fraud at

her workplace. The prosecutor then asked juror 27 if she could give Mr. Cadenas the

presumption of innocence given her experience, to which juror 27 replied:

To be honest with you, I consider myself a good judge of character.
I don't know if that's me or very judgmental. And just by looking at
[Mr. Cadenas], he reminds me of my brother, who's a gang member.
So I feel like no, not after seeing him.

2 RP (Nov. 15, 2018) at 240. Defense counsel requested a sidebar and moved to strike

juror 27 for cause. The State did not object and the court granted the motion to strike.

3

Defense counsel also requested a mistrial "as a result of all of the other jurors being in the room." *Id*. at 250. The court refused to declare a mistrial.

At the close of jury selection, Mr. Cadenas exercised four of his eight available peremptory challenges.

The trial began later that day. Over the course of the next week, both the State and defense called multiple witnesses. Mr. Cadenas did not testify.

After both the State and defense rested, the court read its instructions to the jury, one of which stated: "[Mr. Cadenas] is not required to testify. You may not use the fact that [Mr. Cadenas] has not testified to infer guilt or to prejudice him in any way." Clerk's Papers at 80. The jury also heard an instruction which read, in pertinent part: "The State . . . has the burden of proving each element of each crime beyond a reasonable doubt. [Mr. Cadenas] has no burden of proving that a reasonable doubt exists as to these elements." *Id.* at 54.

In closing, the defense focused on the lack of any physical evidence found in the vehicle or elsewhere tying Mr. Cadenas to the charged crimes. Specifically, defense counsel argued:

> Where are the clothes? They keep talking about [Mr. Cadenas's] clothes being covered in blood. Never recovered. Where is the gun? We didn't have a single person testify about seeing a gun. Obviously a gun was used. I'm not being ridiculous in saying it wasn't. But we don't know if the

4

> shots are fired from outside the car, if the shots were fired from inside the car. I suspect because of where the casings are found there were shots fired from the car, but we don't know if those were from the car to another location in the car, or from the car to outside of the car? If there were shots both coming from outside the car and inside the car?

5 RP (Nov. 21, 2018) at 807.

In rebuttal, the State addressed its failure to produce Mr. Cadenas's clothing or the firearm it alleged he used, stating, "We talk about the clothes. Why don't we have the clothes? Why don't we have the firearm? Well, that's a question that you're going to have to ask [Mr. Cadenas]." *Id.* at 815.

The jury convicted Mr. Cadenas on all counts except second degree murder. The court sentenced Mr. Cadenas to 434 months' confinement.

Mr. Cadenas appealed to this court. One of the arguments on direct appeal was that the trial court's refusal to strike juror 6 violated Mr. Cadenas's right to an impartial jury. We rejected this challenge and affirmed. We reasoned Mr. Cadenas waived any objection to juror 6 by failing to use a peremptory challenge against juror 6, despite leaving numerous potential strikes unused.

Mr. Cadenas did not move in this court for reconsideration of our decision, or seek further review by the Supreme Court. This apparently was not because Mr. Cadenas did not want to pursue his case further. Instead, Mr. Cadenas's appellate attorney missed the

applicable deadlines due to miscommunication and misunderstandings within counsel's office.

Mr. Cadenas now seeks PRP relief based on his previous defense counsel's handling of this issue and based on other issues not raised or decided in his direct appeal.

ANALYSIS

To be entitled to PRP relief, a petitioner must establish either constitutional error that has caused actual or substantial prejudice or nonconstitutional error involving a fundamental defect that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005), *overruled in part on other grounds by Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006).

Mr. Cadenas alleges three constitutional errors that he claims warrant PRP relief: (1) the trial court failed to strike juror 6 in violation of his right to a fair and impartial jury, (2) the trial court denied his motion for a mistrial, which also deprived him of a fair and impartial jury, and (3) the prosecutor engaged in misconduct during closing argument by highlighting Mr. Cadenas's constitutional right not to testify or present evidence. We address each claim in turn.

No. 38729-1-III
*In re Pers. Restraint of Cadenas*


*Failure to strike juror 6*

Mr. Cadenas argues he was denied the right to a fair and impartial jury when the trial court rejected his for-cause challenge to juror 6. This is the same claim we rejected on direct appeal. *See State v. Cadenas*, No. 36690-1-III, slip. op. at 5-6 (Wash. Ct. App. Dec. 22, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/366901_unp.pdf. We generally will not re-review a legal claim previously addressed on direct review. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994). But an exception may be granted in the interests of justice. *Id.* Mr. Cadenas argues the interests of justice compel review in his case because he was deprived of his right to seek review in the Supreme Court of this court's prior decision due to ineffective assistance of appellate counsel.

Mr. Cadenas cannot establish any just reason to revisit our prior decision regarding juror 6 because the Supreme Court's recent decision in *State v. Talbott*, 200 Wn.2d 731, 521 P.3d 948 (2022), essentially adopted our analysis of waiver. Like our prior decision, *Talbott* held that a party who does not exhaust peremptory challenges waives appeal of the denial of a for-cause challenge. Thus, while we are sympathetic to Mr. Cadenas's complaint that he was deprived of the right to seek Supreme Court review of our prior decision, he has not shown this unfortunate circumstance prejudiced his case.

7

In order to avoid the rule recognized by *Talbott*, Mr. Cadenas argues he falls under an exception to the waiver rule. He points out *Talbott* left open the possibility that waiver may not occur if the trial court's denial of a for-cause challenge amounted to manifest constitutional error. *See* 200 Wn.2d at 741-42. We are unpersuaded any such exception to waiver applies here.

Mr. Cadenas has not shown the trial court's decision not to strike juror 6 for cause was so indisputably wrong that it constituted manifest error, regardless of waiver. The manifest error cases cited by Mr. Cadenas involved circumstances where a trial court failed to strike a prospective juror after the juror made an unqualified statement of bias and there was no follow-up questioning. *See State v. Guevara Diaz*, 11 Wn. App. 2d 843, 858-59, 456 P.3d 869 (2020); *State v. Irby*, 187 Wn. App. 183, 190, 347 P.3d 1103 (2015). This case is different. The court did conduct follow-up questioning after juror 6 made statements in his juror questionnaire that suggested potential bias. During this follow-up, juror 6 clarified his comment was meant simply to flag a potential issue. He did not voice any specific bias against Mr. Cadenas or in favor of the State. He merely explained he was mindful of the possibility that he might become emotional over his mother's death while serving on the jury. This type of equivocal explanation did not require the court to strike juror 6 under the manifest error standard. *See State v. Lawler*,

194 Wn. App. 275, 287, 374 P.3d 278 (2016).[1]

Mr. Cadenas is not entitled to relief based on the trial court's refusal to strike juror 6 for cause.

*Denial of mistrial*

Mr. Cadenas also argues that he was denied his constitutional right to a fair and impartial jury when the trial court denied his motion for mistrial, and that appellate counsel was ineffective for failing to raise this issue on direct appeal. Both claims require Mr. Cadenas to show the trial court abused its discretion in denying the mistrial motion.[2] This burden has not been met.

"A trial court should grant a mistrial when an irregularity in the trial proceedings is so prejudicial that it deprives the defendant of a fair trial." *State v. Babcock*, 145 Wn. App. 157, 163, 185 P.3d 1213 (2008). More than "a possibility of prejudice" must be shown. *State v. Lemieux*, 75 Wn.2d 89, 91, 448 P.2d 943 (1968).

---

[1] Mr. Cadenas does not argue the trial court's decision implicated racial or ethnic bias, which may also implicate a different standard regarding waiver. *See Talbott*, 200 Wn.2d at 747.

[2] Ineffective assistance of appellate counsel requires showing counsel failed to raise a legal claim that would have likely resulted in relief on appeal. *See In re Pers. Restraint of Serano Salinas*, 189 Wn.2d 747, 759-60, 408 P.3d 344 (2018). To obtain relief on appeal based on a trial court's denial of a mistrial, the appellant must show an abuse of discretion. *State v. Babcock*, 145 Wn. App. 157, 163, 185 P.3d 1213 (2008).

It is not particularly unusual or irregular for a prospective juror to make an inflammatory statement during voir dire that results in a successful for-cause challenge. Only in unusual circumstances, such as when a juror purports to be an expert on the issues directly connected to a defendant's guilt, will a mistrial be required. *See State v. Strange*, 188 Wn. App. 679, 684-87, 354 P.3d 917 (2015). In determining whether a statement warrants a mistrial, courts look to "(1) the seriousness of the irregularity; (2) whether the statement was cumulative of evidence properly admitted; and (3) whether the irregularity could be cured by an instruction." *State v. Post*, 118 Wn.2d 596, 620, 826 P.2d 172, 837 P.2d 599 (1992).

The statements made by juror 27 were not so inflammatory that the trial court's only option was to declare a mistrial. Juror 27's comments did not amount to a statement of fact about Mr. Cadenas. Juror 27 merely expressed her opinion that Mr. Cadenas reminded her of her brother, who happened to be a gang member. The rhetorical force of this statement on other members of the venire would appear to be minimal. Juror 27 never said Mr. Cadenas was a gang member, nor did she present herself as a gang identification expert. It is possible some members of the venire may have speculated about gang membership based on juror 27's comments. But the court's final instructions adequately addressed this possibility by explaining that Mr. Cadenas was presumed innocent and that

the jury's verdict "must be made solely upon the evidence presented during these proceedings." 4 RP (Nov. 21, 2018) at 756.

Mr. Cadenas has not shown he would have been entitled to relief on appeal had his attorney challenged the trial court's denial of his motion for a mistrial. Accordingly, he is not now entitled to PRP relief.

*Closing statements to the jury*

Finally, Mr. Cadenas contends he was denied his constitutional rights to due process and to remain silent when appellate counsel failed to assign error to a remark made by the prosecutor during rebuttal argument. The statement at issue occurred when the prosecutor argued defense counsel's questions about missing evidence were something "you're going to have to ask the defendant." 5 RP (Nov. 21, 2018) at 815. According to Mr. Cadenas, this statement was an improper comment on his right not to testify or present evidence.

To prevail on a claim of ineffective assistance of appellate counsel, Mr. Cadenas must show not only deficient performance but also prejudice. *See In re Pers. Restraint of Maxfield,* 133 Wn.2d 332, 344, 945 P.2d 196 (1997) (plurality opinion). This means Mr. Cadenas must show the legal claim omitted by appellate counsel was meritorious and would have resulted in relief on appeal. In the current context, relief on appeal would

have required showing the prosecutor's remarks were so flagrant and ill-intentioned that they resulted in an enduring prejudice that could not have been neutralized by a curative instruction. *State v. Thorgerson*, 172 Wn.2d 438, 443, 258 P.3d 43 (2011).

Mr. Cadenas has not shown prejudice. A prosecutor's improper remark referencing a defendant's right to silence is an error that can be remedied by a curative instruction. *See State v. Gouley*, 19 Wn. App. 2d 185, 203-05, 494 P.3d 458 (2021). And while there was no specific curative instruction given here, the trial court's final instructions—which advised the jury that Mr. Cadenas had the right not to testify, that no inference may be made from his exercise of the right not to testify, and that the defendant bore no burden of proving reasonable doubt—effectively operated as a curative instruction. Given the isolated, nonemotional nature of the prosecutor's comment and the court's final instructions, Mr. Cadenas has not shown the prosecutor's remarks justify relief from the judgment and sentence.[3]

---

[3] Because Mr. Cadenas cannot establish prejudice, his claim that appellate counsel should have made an alternative argument challenging trial counsel's failure to object also fails. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (A claim of ineffective assistance of counsel requires appellant to show both deficient performance and prejudice.).

No. 38729-1-III
*In re Pers. Restraint of Cadenas*

CONCLUSION

Mr. Cadenas has not shown he is under unlawful restraint due to constitutional errors at his trial and on direct appeal. His petition for relief is therefore denied.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Cooney, J.

13