[No. 67-40542-1.    Division One.    March 9, 1970.]
Panel 2

THE STATE OF WASHINGTON, *Respondent*, v. TOMMIE LAWRENCE SCOTT, *Appellant.*

*William F. Lockett*, for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney*, and *Edmond P. Allen*, for respondent.

UTTER, J.—Tommie Scott was found guilty by a jury of murder in the second degree and subsequently sentenced. He appeals the judgment and sentence, assigning as error the action of the trial court in admitting a disputed oral statement and the failure of the trial court to grant a new

trial on the grounds that there was insufficient evidence to justify the jury verdict.

The testimony in the trial established that Scott and a female companion were arguing at her home during the evening of April 20, 1968. His companion left her home, went to a neighbor's house and was followed there by Scott who then forced her out of the house. Scott shot his companion a brief time after this and police officers subsequently arrived and arrested Scott. Scott was informed of his constitutional rights by the arresting officers who asked him whom he had shot and, according to the officers, he then replied it was his "girl friend" and identified her by name.

The court held a hearing under CrR 101.20W, hereinafter referred to as the rule, and then made findings that the statements were voluntary, that Scott was properly warned of his rights and the statements were admissible.[1] These findings are not contested by Scott. This determination by the court was consistent with its obligation under the rule and *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), where at 476 it was stated:

> The warnings required and the waiver necessary in accordance with our opinion today are, in the absence of a fully effective equivalent, prerequisites to the admissibility of any statement made by a defendant. No distinction can be drawn between statements which are direct confessions and statements which amount to "admissions" of part or all of an offense.

The sole purpose of the rule is to require the court to make a pretrial determination regarding the voluntariness of the statement. At that time the court also determines whether the Miranda warnings were given. It does not, by

---

[1] "(a) Requirement for and Time of Hearing. In every criminal case in which a confession or confessions of the accused are to be offered in evidence, the judge, either at the time of the trial or prior thereto, shall hold a hearing, in the absence of the jury for the purpose of determining whether, in the light of the surrounding circumstances, the confession was voluntary, and, therefore admissible." CrR 101.20W

its terms, permit only confessions or admissions to be introduced at trial. The statement by the defendant contained an essential element of the state's case—the acknowledgment by the defendant that he shot the deceased. As such, it was relevant and therefore admissible after the required questions had been resolved as to voluntariness of the statement and whether the warnings required by *Miranda* had been given.

■ Although the evidence of guilt was conflicting, a review of the record discloses there was evidence to support every necessary element of the state's case. The conflicts in the evidence merely present a question of fact for the jury. *State v. Snider,* 70 Wn.2d 326, 422 P.2d 816 (1967). The trial court did not err in refusing to grant a new trial.

The judgment of the trial court is affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.