[No. 92-40791-3.   Division Three.   May 8, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. BERNARD J. STEWART, *Appellant.*

*Joseph A. Simpson,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *Claude Bailey, Deputy,* for respondent.

MUNSON, J.—Bernard Stewart appeals from a conviction on 2 counts of carnal knowledge with his 17½-year-old stepdaughter, allegedly committed on July 25th and 27th of 1968.

The primary issue on appeal is whether the state, without showing surprise or prejudice, may impeach its own witness.

After offering testimony by the victim establishing the two alleged incidents of carnal knowledge, the state called

to the stand her mother—defendant's wife. During her testimony the following ensued:

Q Did you ever find blood on Mr. Stewart's shorts? A No, I did not. *Q Did you tell the police you found blood on Mr. Stewart's shorts? A I might have. . . . Q Are you testifying the same way—are you telling the Court the same thing you told the police when they talked to you?* MR. SIMPSON: Just a moment, I will object to the form of that question. I don't know what she told the police and what she didn't. If he wants to impeach his own witness —THE COURT: Well, just a moment—if you are intending to impeach the witness, you will have to fix a time and place when the alleged conversation with the police occurred, to refresh her recollection. Q Did you, on the 27th day of July, contact the city police of Spokane? A That was on a Saturday? Q Yes. A Yes. *Q Who did you talk to? A Mrs. Marsh. Q And at that time did you tell her* —MR. SIMPSON: *Objection*—I object to any discussions between this witness—they are hearsay, not part of any *res gestae,* and are remote in point of time and this is a hearsay conversation between these two people and that is entirely collateral to any issue here. THE COURT: The objection is overruled. Q Did you talk to Mrs. Marsh on that date? A Yes. Q And did you tell her at that time about finding stains or blood spots on your husband's shorts? A I probably did, uh huh. Q Did you suspect something going on between your daughter and your husband? MR. SIMPSON: Objection. THE COURT: Overruled. You may answer.

(Italics ours.)

■ At no time during the trial did the state claim surprise or show the material contained in Mrs. Stewart's testimony was prejudicial to their case, Notwithstanding the prosecutor's argument before this court that the state was merely attempting to ascertain the truth and let the jury know all of the facts, the effect of this examination was to impeach their own witness. Before one is entitled to do so, there must be a showing to the satisfaction of the trial court that there is a genuine surprise and that the testimony of the witness is prejudicial and harmful to the calling party. *Gabel v. Koba,* 1 Wn. App. 684, 463 P.2d 237 (1969); *State v. Green,* 71 Wn.2d 372, 377, 428 P.2d 540

(1967); *State v. Matlock,* 65 Wn.2d 107, 396 P.2d 164 (1964).

Since the state did not claim surprise nor show Mrs. Stewart's testimony was prejudicial, the trial court erred in failing to sustain the objection by defense counsel during the direct examination of Mrs. Stewart by the state.

Subsequently Mrs. Stewart was called by defendant and during the state's cross-examination was again, over objection, questioned concerning her conversation with Mrs. Marsh. Apparently still unsatisfied with the witness' testimony, the state in rebuttal called Mrs. Marsh and again introduced the conversation between the witness and Mrs. Stewart pertaining to Mr. Stewart's shorts and Mrs. Stewart's suspicions.

██ This was more than impeachment of a defense witness. Mrs. Marsh's testimony concerned a matter which the state had opened up, erroneously, on their direct examination of Mrs. Stewart. Impeaching evidence is not substantive evidence, *Gams v. Oberholtzer,* 50 Wn.2d 174, 310 P.2d 240 (1957); the state sought to use it as such in this case. The state's case had to stand or fall on the jury's belief or disbelief of the daughter's testimony. Here the state sought, erroneously, to corroborate her testimony by using hearsay, and possibly inflammatory, testimony of the mother's telephone conversation with a police woman. Applying the harmless error test of *State v. Martin,* 73 Wn.2d 616, 627, 440 P.2d 429 (1968), after an examination of the entire record, this court is unable to say whether the defendant would or would not have been convicted but for the error committed. *State v. Miles,* 73 Wn.2d 67, 70, 436 P.2d 198 (1968).

The state's failure to properly show that the crime was committed within Spokane County has merit but this court, believing said error will not recur, does not base its reversal upon that ground.

640

Judgment of the trial court is reversed and the cause is remanded for retrial.

EVANS, C. J., and GREEN, J., concur.