[No. 155-3.   Division Three.   February 18, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. LEONARD BUTLER, *Appellant.*

304

[redacted]

*William F. Nielsen* (of *Hamblen, Gilbert & Brooke*), for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *LeRoy C. Kinnie, Deputy,* for respondent.

MUNSON, C.J.—Defendant, Leonard Butler, appeals from a conviction on a charge of first-degree assault. His assignments of error may be categorized into three contentions: (1) there was insufficient evidence to support the conviction; (2) the trial court's denial of his pretrial motion to produce information and documents in the state's possession constituted reversible error; and (3) a question propounded by the state to the complaining witness' husband sufficiently prejudiced the jury so as to warrant the granting of a new trial.

With regard to the insufficiency of evidence, defendant and his alleged victim told conflicting stories of how the assault occurred. Although the "victim" was an admitted prostitute, an adulteress, and generally a person of ill repute, her testimony was still competent and if believed by the jury sufficient to support a conviction for the crime charged. *State v. Hill,* 45 Wash. 694, 89 P. 160 (1907). The credibility of the complaining witness was strenuously attacked by defendant's trial counsel. The jury, however, is the exclusive judge of the credibility of a witness and the weight to be given testimony. *State v. Dietrich,* 75 Wn.2d 676, 453 P.2d 654 (1969). When the record contains substantial evidence to support a conviction, we will not overturn it on appeal. *State v. Hendrickson,* 1 Wn. App. 61, 459 P.2d 55 (1969); *State v. Scott,* 2 Wn. App. 30, 466 P.2d 168 (1970).

Prior to defendant's pretrial motion for production of

information and documents in the possession of the state, defense counsel attempted to interview the complaining witness. She refused to discuss the case stating she had given statements to the investigating officers. As a result defendant moved for production of her statements and other information. The motion was granted in part; however, the request for the complaining witness' statements was denied. No further request was made for production, either before or after the complaining witness testified as part of the state's case in chief.

■ The granting of discovery to either the state or defendant lies within the discretion of the trial court. *State v. Grove*, 65 Wn.2d 525, 398 P.2d 170 (1965). Appellate counsel argues, with great fervor but without substantiating particularity, that the court's order denied trial counsel valuable information upon which to attack the state's case. As observed in *State v. Smith*, 74 Wn.2d 744, 750, 446 P.2d 571 (1968) a bare allegation of prejudice does not suffice to show an abuse of the trial court's discretion in these matters. Furthermore, our review of the record fails to disclose an abuse of discretion. *State v. Peele*, 67 Wn.2d 893, 410 P.2d 599 (1966); *State v. Grove, supra; State v. Gilman*, 63 Wn.2d 7, 385 P.2d 369 (1963); *State v. Thompson*, 54 Wn.2d 100, 338 P.2d 319 (1959).

The following is the question involved in defendant's third contention:

> [The state examining Kay Sowers, husband of the complaining witness:] In your presence did [defendant] say, "I have dedicated my life to Kim [complaining witness], and if I can't have her *they* will have to wipe her out?"

(Italics ours.) Defendant claims this question is leading, suggestive, extremely critical and prejudicial and that the trial court erred in not keeping closer control over the interrogation by the prosecutor. There was no objection made to either the question or its answer; nor did defendant request a curative instruction. There was no attempt to iden-

tify "they" nor does the question relate to any overt act by defendant. Our examination of the entire record reveals no prejudicial error. *State v. Martin,* 73 Wn.2d 616, 626, 440 P.2d 429 (1968); *State v. Stewart,* 2 Wn. App. 637, 468 P.2d 1006 (1970).

We do not agree with appellate counsel that while any of the alleged errors standing alone may not merit reversal, their cumulative effect was sufficient to warrant a new trial. *State v. Lemieux,* 75 Wn.2d 89, 448 P.2d 943 (1968); *State v. Marks,* 71 Wn.2d 295, 427 P.2d 1008 (1967).

Judgment affirmed.

GREEN and EVANS, JJ., concur.

Petition for rehearing denied April 1, 1971.

Review denied by Supreme Court May 6, 1971.