**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lewis ENOS, Defendant-Appellant.**

**No. 71–1599.**

United States Court of Appeals,
Ninth Circuit.

Jan. 10, 1972.

Rehearing Denied Feb. 15, 1972.

Gordon S. Kipps, Tucson, Ariz., for defendant-appellant.

Richard K. Burke, U. S. Atty., James E. Mueller, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before CHAMBERS, DUNIWAY and TRASK, Circuit Judges.

PER CURIAM:

Enos, an Indian, was convicted of an assault with a dangerous and deadly weapon upon Amelia Jesus, another Indian. The offense is described in 18 U. S.C. § 1153, and is defined in Ariz.Rev. Stat. § 13–249. We affirm.

The testimony of every witness to the event, including the victim and Enos, is the same; Enos suddenly approached the victim from behind, and stabbed her in the back, on the right side, about six inches below the armpit, with a pocket knife having a two inch blade. The wound was about ¾″ wide and at least 1″ deep.

The only substantial question presented is whether the court should have instructed the jury that it could find Enos guilty of the lesser included offense of simple assault. As to this, the trial judge said:

"This is either assault with a deadly weapon or nothing, as far as I can see. There is no lesser-included offense involved in this case in light of the evidence. There is no way this jury, under the laws, could find this man guilty of a lesser-included offense. They would have to disregard the facts and the law as I propose to give it to them."

We think that he was right.

There is no evidence whatever of any assaultive behavior by Enos other than the stabbing. It may well be, as argued by Enos, that a pocket knife is not necessarily a dangerous or deadly weapon. But when such a knife is used as it was here, it is undoubtedly such a weapon. In such circumstances, the principles of Sparf v. United States, 1895, 156 U.S. 51, 63, 15 S.Ct. 273, 278, 39 L.Ed. 343 are applicable here. In *Sparf*, the first Mr. Justice Harlan, speaking of RS § 1035, the predecessor of Rule 31(c), F. R.Crim.P., which dealt with lesser included offenses, said this:

"Congress did not intend to invest juries in criminal cases with power arbitrarily to disregard the evidence and the principles of law applicable to the case on trial. The only object of that section was to enable the jury, in case the defendant was not shown to be guilty of the particular crime charged, *and if the evidence permitted them to do so*, to find him guilty of a lesser offence necessarily included in the one charged, or of the offence of attempting to commit the one charged. Upon a careful scrutiny of the evidence, we cannot find any ground whatever upon which the jury could properly have reached the conclusion that the defendant Hansen was only guilty of an offence included in the one charged, or of a mere attempt to commit the offence charged. A verdict of guilty of an offence less than the one charged would have been in flagrant disregard of all the proof, and in violation by the jury of their obligation to render a true verdict. There was an entire absence of evidence upon which to rest a verdict of guilty of manslaughter or of simple assault. A

verdict of that kind would have been the exercise by the jury of the power to commute the punishment for an offence actually committed, and thus impose a punishment different from that prescribed by law." [*Emphasis in original.*]

See also Berra v. United States, 1956, 351 U.S. 131, 135, 76 S.Ct. 685, 100 L. Ed. 1013; Sansone v. United States, 380 U.S. 343, 349–350, 85 S.Ct. 1004, 13 L. Ed.2d 882; Driscoll v. United States, 1 Cir., 1966, 356 F.2d 324, 327.

Affirmed.