651 P.2d 566

**STATE of Idaho, Plaintiff-Respondent,**

v.

**William Merle LENZ, Defendant-Appellant.**

**No. 13861.**

Court of Appeals of Idaho.

Sept. 21, 1982.

Fred Loats, Coeur d'Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A. I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

**WALTERS, Chief Judge.**

William Merle Lenz appeals from a judgment of conviction for aggravated assault under I.C. §§ 18–901 and 18–905. He raises two issues: (1) Did the Information properly inform him of the crime charged? (2) Is the statute defining the crime of aggravated assault, I.C. § 18–905, unconstitutional because it fails to define the term "deadly weapon?" We affirm the judgment of conviction.

### I. Sufficiency of the Information.

The state contends that Lenz failed properly to preserve the first issue for judicial review, because it should have been raised seven days before trial under I.C.R. 12. Lenz moved for dismissal, and raised the issue by motion orally made in open court after the jury had been selected but before opening argument had been made. The state now argues that the motion was untimely and that the issue was extinguished. However, we note that I.C.R. 12(c) allows the trial court to shorten the time deadline, for good cause shown, or to relieve a defendant from failure to comply with the deadline due to excusable neglect. Rule 12(e) also empowers the court to grant relief from waiver of any defense or objection not timely raised.

In this case it appears that the court agreed to hear the motion at an otherwise untimely point in the proceedings because there had been a substitution of defense counsel immediately before trial. We do not believe that substitution of counsel *requires* a court to hear and decide an otherwise untimely motion, but we cannot say that the court here abused its discretion by doing so. Consequently, we hold that the first issue raised by Lenz has been preserved for appellate review.

Lenz asserts that the Information did not sufficiently apprise him of the specific nature of the crime with which he was charged.[1] He contests the propriety of the general reference to I.C. §§ 18–901 and 18–905, arguing that a more specific reference should have been made. Because I.C. § 18–901 has two subsections[2], and I.C. § 18–905 contains four subsections[3], Lenz alleges that the general reference to these statutes was insufficient and violated his right to be informed of the specific nature of the crime charged. He urges that a proper charge to the specific applicable subsections would have better ensured correct jury instructions and guarded against any subsequent prosecution based on commission of the same acts.

In Idaho, a legally sufficient Information is a plain, concise, and definite written statement of the essential facts constituting the offense charged. I.C.R. 7(b); *State v. Owens*, 101 Idaho 632, 637, 619 P.2d 787, 792 (1980); *see also* I.C. §§ 19–1304, 19–1411. The Information must adequately set forth

---

1. The Information charged Lenz with one count of aggravated assault. The Information set forth the charge and stated it was a felony in violation of I.C. §§ 18–901, 18–905. The Information then outlined the essential facts constituting the offense as follows:

   [Lenz] did unlawfully and feloniously make an assault upon the persons of Leonard Charles Heim and Alfred John Roberge by threatening the said Leonard Charles Heim and Alfred John Roberge by saying "I'm gonna kill you", while the said defendant was pointing a deadly weapon, to wit: a brown and brass handle folding knife with a three and one-half inch blade, brand name "Rigid", [at them].

2. *I.C. § 18–901.* An assault is:
   (a) An unlawful attempt, coupled with apparent ability, to commit a violent injury on the person of another; or

   (b) An intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.

3. *I.C. § 18–905.* An aggravated assault is an assault:
   (a) With a deadly weapon or instrument without intent to kill; or
   (b) By any means or force likely to produce great bodily harm.
   (c) With any vitriol, corrosive acid, or a caustic chemical of any kind.
   (d) "Deadly weapon or instrument" as used in this chapter is defined to include any firearm, though unloaded or so defective that it cannot be fired.

the nature and circumstances of the offense charged to enable a person of ordinary understanding to know what is intended in the charge. I.C. § 19–1409(2); *see also State v. Owens, supra.*

■ Lenz makes no complaint about the factual statement of the incident constituting the offense charged, and we find no inadequacies in it. It is very clear. *See* n.1, *supra.* In our view, it would be difficult to write a more plain, concise, and definite statement of the essential facts constituting the offense charged.

We believe that, in focusing on the failure of the Information to list the precise subsections of the statutes that Lenz was alleged to have violated, Lenz's argument exalts form over substance. Perhaps this argument would be more tenable if the written statement left doubt as to the specific nature of the crime charged. Such is not the case here. The Information filed against Lenz adequately sets out the nature and circumstances of the offense charged so as to enable a person of ordinary understanding to know what is intended. I.C. § 19–1409(2). The details of the crime charged and intended to be proved at trial by the state are clear.

II. *Constitutionality of I.C. § 18–905.*

Lenz was charged with aggravated assault in violation of I.C. § 18–905. *See* n. 3, *supra.* As noted, this charge arose from an incident where Lenz pointed a folding knife at two men and threatened to kill them.

Lenz contends that I.C. § 18–905 is defective and void for vagueness because, aside from loaded or unloaded firearms, the statute fails to define "deadly weapon." Lenz argues that, without such a statutory definition, no guidance is provided to the citizen charged with the offense, to the attorney who defends him, or to the judge and jury who must decide his fate.

■ Due process requires that a statute defining a crime be sufficiently explicit so all persons may know what conduct on their part will subject them to its penalties. United States Constitution, Amendment 14; Idaho Constitution, Art. 1, § 13; *State v. Evans,* 73 Idaho 50, 245 P.2d 788 (1952). It is settled that this "fair warning" requirement prohibits the various States from holding an individual criminally responsible for conduct which he could not reasonably understand to be proscribed. *Rose v. Locke,* 423 U.S. 48, 49, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975); *State v. Shannon,* 95 Idaho 299, 507 P.2d 808 (1973). The law must give sufficient warning that men may conduct themselves so as to avoid that which is forbidden. *Rose, supra,* 423 U.S. at 50, 96 S.Ct. at 244.

■■ In determining the sufficiency of a statute, the words of the questioned statute should not be evaluated in the abstract but should be considered with reference to the particular conduct of the defendant. *State v. Carringer,* 95 Idaho 929, 930, 523 P.2d 532, 533 (1974). The principle consistently followed, in cases where a criminal statute is challenged as void for vagueness, is that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *see also State v. Lopez,* 98 Idaho 581, 590, 570 P.2d 259, 268 (1976) (on rehearing).

■ In this case, Lenz was specifically charged by information—and this charge was proven at trial—of pointing a folding knife at two men while threatening to kill them. The courts are divided on whether a pocket knife represents a "deadly weapon" *per se.* 11 WORDS & PHRASES, "Deadly Weapon," 206, 216–19 (1971), 1982 Supp. 23, 25–26. However, it is the general rule that a pocket knife may be a deadly weapon, depending on the circumstances of its use. *See United States v. Enos,* 453 F.2d 342 (9th Cir. 1972); *DeWitt v. State,* 58 Okl.Cr.App. 261, 52 P.2d 88 (1935); *Williams v. State,* 477 S.W.2d 24 (Tex.Cr.App.1972); *State v. Thompson,* 88 Wash.2d 546, 564 P.2d 323 (1977).

In *State v. Missenberger,* 86 Idaho 321, 386 P.2d 559, (1963), our Supreme Court, quoting from *People v. Cloninger,* 165 Cal. App.2d 86, 331 P.2d 441, 443 (1958), recognized:

A deadly weapon is one likely to produce death or great bodily injury. [Citations omitted] If it appears that the instrumentality is capable of being used in a deadly or dangerous manner and it may be fairly inferred from the evidence that its possessor intended on a particular occasion to use it as a weapon should the circumstances require, its character as a dangerous or deadly weapon may be thus established, at least for the purposes of that occasion.

86 Idaho at 527, 386 P.2d at 562. Here, it cannot be seriously argued that Lenz wielded the knife and uttered a deadly threat without an appreciation that—under the circumstances—the knife could be considered a deadly weapon. *See State v. Gordon,* 120 Ariz. 172, 584 P.2d 1163 (1978); *State v. Thompson, supra; Brightwell v. State,* 631 P.2d 1048 (Wyo.1981).

We hold that I.C. § 18–905 is not constitutionally defective for failure to define precisely the meaning of a "deadly weapon." In the context of Lenz's case, the statute gives sufficient warning that conduct such as Lenz displayed, i.e., pointing a knife at individuals while making a life-threatening statement, is forbidden, and where such conduct occurs it will be subject to the penalty of the law. *Rose v. Locke, supra.*

The judgment of conviction is affirmed.

BURNETT and SWANSTROM, JJ., concur.