749 P.2d 501

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Larry Dean CARPENTER, Defendant–Appellant.**

No. 16914.

Court of Appeals of Idaho.

Feb. 1, 1988.

Michael J. Vrable, Hayden, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

In the magistrate division, Larry Carpenter was charged with driving or being in physical control of a motor vehicle while under the influence of alcohol or with a blood alcohol concentration equalling or exceeding .10 grams per 100 cubic centimeters. *See* I.C. § 18–8004. A jury found Carpenter guilty. Carpenter was fined $500 and he was sentenced to thirty days in jail with 25 days suspended. He appealed to the district court, where the conviction and judgment were affirmed. His appeal from the district court's decision presents two questions: Did the magistrate err in limiting a police officer's testimony about department policy regarding the margin of error in the Intoximeter 3000, a device used to determine the content of alcohol in a person's blood? Second, for purposes of § 18–8004, is a motorcycle a "motor vehicle?" We affirm.

We briefly review the facts relating to Carpenter's arrest. Upon being directed to an altercation apparently occurring at Third and Spruce Streets in Coeur d'Alene,

police officers arrived to find Carpenter and a female companion lying prostrate near a parked motorcycle. Both individuals appeared intoxicated. After talking to the two individuals, the officers decided that their presence was not required and they decided to leave the scene. Before they left, however, the officers instructed Carpenter not to ride the motorcycle because he appeared to be inebriated. One of the officers, Stephen Seely, remained nearby to observe Carpenter. Carpenter walked away, but soon returned and started the motorcycle. Seely then arrested Carpenter for being in control of a motor vehicle while intoxicated. Carpenter was transported to the county jail. At the jail, Carpenter agreed to a breath test for alcohol, but did not provide a satisfactory sample. Carpenter was then incarcerated. Nearly four hours later, when he was to be released from the jail, Carpenter wanted to ride off on his motorcycle. The police suggested he should not because he appeared still to be under the influence. Carpenter again agreed to a breath test. Two samples were taken and both tests yielded readings of .11. Carpenter's conviction followed.

## I

■ At trial, Carpenter attempted to introduce evidence, through the testimony of the arresting officer, that the Coeur d'Alene police department recognized a .02 margin of error for the Intoximeter 3000. The magistrate sustained the state's objection to this line of inquiry on hearsay grounds. *See* I.R.E. 802. On appeal, Carpenter contends the testimony should have been admitted under the public records exception to the hearsay rule. I.R.E. 803(8). The state asserts that this exception was not raised at trial and, therefore, should not be considered on appeal. The district court affirmed the magistrate's ruling and concluded that, if error, it was harmless—given the "overwhelming" evidence of Carpenter's state of intoxication. We are in

agreement with the latter conclusion and, therefore, do not reach the evidentiary question.

Carpenter apparently sought to introduce the department policy to create a doubt in the minds of the jurors regarding the accuracy of the Intoximeter readings. Those test results were obtained approximately four hours after Carpenter's arrest. Carpenter did not attempt to establish the foundation of the policy or to clarify its application.[1]

Idaho Code § 18–8004 permits a showing either that the defendant was under the influence of intoxicants *or* had an alcohol concentration of at least .10. The prosecution called only two witnesses. The arresting officer testified that when initially confronted by the police, Carpenter found it difficult to rise, was unstable on his feet, suffered from slurred speech, was belligerent, and smelled of alcohol. Carpenter's condition prompted two officers to advise him not to ride his motorcycle. Carpenter was arrested approximately ten minutes later. The arresting officer stated that Carpenter's physical manifestations persisted after Carpenter had been transported to the jail. The jailer also described Carpenter as having slurred, loud speech and recounted a specific instance when Carpenter demonstrated difficulty in negotiating a cell doorway. Both the arresting officer and the jailer concluded that Carpenter was under the influence of alcohol. Carpenter offered no evidence to rebut these conclusions.

Our harmless error inquiry is whether it appears from the record that the error so contributed to the verdict as to leave the appellate court with a reasonable doubt that the jury would have reached the same result had the error not occurred. *State v. Hall*, 111 Idaho 827, 727 P.2d 1255 (Ct.App. 1986); I.C.R. 52. Like the district court below, we are convinced that the failure to admit evidence of the department's alleged

---

1. The state suggests that a .02 variance is used by the police department to determine whether repetition of the test is warranted, but that this figure does not purport to be an indicator of the test's margin of error. The actual margin, according to the state, is substantially less than .02.

policy, even if error, did not affect the verdict.

## II

At the close of the trial, Carpenter directed the magistrate's attention to the lack of a definition of "motor vehicle" in I.C. § 18–8004. Carpenter contends that the charge of operating a motor vehicle while intoxicated should have been dismissed because a motorcycle is not a motor vehicle. The magistrate declined to so "torture" the language of I.C. § 18–8004. On the intermediate appeal, the district court concluded that, "Appellant's argument is not only unpersuasive—it borders on nonsense." Although we do not judge Carpenter's contention so harshly, we also find it unpersuasive.

Carpenter asserts that because a definition of "motor vehicle" is not included in Title 18 of the Idaho Code, the term fails to provide notice that operating a motorcycle while intoxicated is a crime, and therefore is unconstitutionally vague. The state calls our attention to ordinary, statutory, and judicial interpretation in support of the proposition that "motor vehicle" encompasses "motorcycle."

Ordinarily, words and phrases in a statute are construed according to the context and approved usage of the language. I.C. § 73–113. But a statute which forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning, and may differ as to its application, violates the first essential element of due process of law. *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *State v. Lenz*, 103 Idaho 632, 651 P.2d 566 (Ct.App.1982).

An authority supporting Carpenter's position is, arguably presented in the state's brief. The state quotes BLACK'S LAW DICTIONARY 1164–5 (4th ed. 1968):

The term "motor vehicle," *although sometimes regarded as synonymous with or limited to "automobiles,"* often has a broader meaning, and includes not only ordinary automobiles, but also motor busses and trucks as well as motorcycles. [Our emphasis.]

However, our research reveals that most courts which recently have construed the term have held that motorcycles are motor vehicles. *See* 27A WORDS & PHRASES, "Motor Vehicle," 399, 406 (1961), Supp. 49, 57–58 (1987).

We doubt that the ordinary citizen believes motorcycles to be exempt from our DUI statute. Prosecutions and convictions under this statute for operating a motorcycle while intoxicated are not unknown. *See, e.g., State v. Harrold*, 113 Idaho 938, 750 P.2d 959 (Ct.App.1988). Here, according to the arresting officer's testimony, Carpenter was specifically instructed not to ride the motorcycle. It cannot be seriously urged that Carpenter was unaware that the act of operating a motorcycle while intoxicated is forbidden by the law.

We also note that, prior to 1984, a nearly identical DUI statute was contained in Title 49 of the Idaho Code. *See* 1983 Idaho Sess. Laws (Ex.Sess.), ch. 3, § 13, p. 8, *repealed by* 1984 Idaho Sess. Laws, ch. 22, § 1. Idaho Code § 49–101 defines the terms in question as follows:

a. The term "vehicle" shall mean every device in, upon or by which any person or property is or may be transported or drawn upon a public highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks.

b. The term "motor vehicle" shall mean every vehicle as herein defined which is self-propelled.

c. The term "motorcycle" shall mean every motor vehicle designed to travel (on) not more than three (3) wheels in contact with the ground, except any such vehicle as may be included within the term "tractor" as herein defined.

We have been presented with no reason to believe the legislature intended to exclude motorcycles from the purview of the statute when it moved the DUI statutes from

Title 49 to Title 18. *Cf. State v. Nichols,* 110 Idaho 823, 718 P.2d 1261 (Ct.App.1986).

We hold that the term "motor vehicle" as used in I.C. § 18–8004 encompasses that means of transportation called a motorcycle. We also hold that I.C. § 18–8004 is not constitutionally defective for failure to precisely define the term "motor vehicle." Carpenter was provided with sufficient warning that being in physical control of a running motorcycle is subject to the penalty of the law.

The decision of the district court, upholding the magistrate's judgment of conviction, is affirmed.