**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42723**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 488 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 13, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CECILIO PONCE ALBA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Order denying motion to enlarge time to file motion to suppress, affirmed; judgment of conviction and sentence, affirmed.

Nevin, Benjamin, McKay & Bartlett LLP; Deborah Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Cecilio Ponce Alba appeals from the district court's order denying Alba's motion to enlarge time to file a motion to suppress. In the alternative, Alba claims the district court imposed an excessive sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Alba was indicted by a grand jury on one count of conspiracy to traffic in methamphetamine, Idaho Code §§ 37-2732B(a)(4)(C), 37-2732B(b), 18-1701, and one count of trafficking in methamphetamine, I.C. § 37-2732B(a)(4). After Alba's indictment, the district court issued an order governing further proceedings and notice of the trial setting. Pursuant to Idaho Criminal Rule 12, the order established the deadline for pretrial motions for the defendant

1

to be fourteen days after the compliance date of discovery, May 30, 2014. The pretrial conference was scheduled for June 24, 2014.[1]

On June 16, 2014, after the deadline for pretrial motions had already passed, new counsel was substituted into the case. At the pretrial conference on June 24, 2014, new counsel filed a motion to enlarge time to file a pretrial motion along with a motion to suppress. At that time, it was three weeks after the deadline to file pretrial motions. At the hearing for the motion to enlarge time, Alba's counsel argued that he had not learned of the grounds for the motion to suppress until he was substituted as counsel, after the deadline had passed. At the hearing, the district court determined neither good cause nor excusable neglect for the late filing had been shown to allow the motion to enlarge time to file a motion to suppress and, in turn, denied the motion. Alba then entered a guilty plea to the trafficking in methamphetamine charge, preserving his right to appeal the district court's decision. The district court imposed a unified sentence of thirty years with fifteen years determinate. Alba timely appealed.

## II.

## ANALYSIS

On appeal, Alba challenges the district court's denial of the motion to enlarge the time to file a motion to suppress. He reasons that because the motion was filed before trial and just after new counsel was substituted for prior counsel, the district court should have granted the motion. Alba also contends that his sentence is excessive.

The court's decision to allow a late motion to suppress is a matter of discretion. *State v. Alanis*, 109 Idaho 884, 888, 712 P.2d 585, 589 (1985). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). I.C.R. 12(e) provides:

> Motions pursuant to Rule 12(b) must be filed within twenty-eight (28) days after the entry of a plea of not guilty or seven (7) days before trial whichever is earlier. In felony cases, such motions must be brought on for hearing within fourteen (14) days after filing or forty-eight (48) hours before trial whichever is

---

[1] The order also established the trial date to be July 14, 2014, which the court later extended to July 16, 2014.

earlier. *The court in its discretion may shorten or enlarge the time provided herein, and for good cause shown, or for excusable neglect, may relieve a party of failure to comply with this rule*.

(Emphasis added.)

The district court determined neither good cause nor excusable neglect had been shown for filing the motion after the deadline. Alba points to *State v. Lenz*, 103 Idaho 632, 633, 651 P.2d 566, 567 (Ct. App. 1982) for the proposition that a substitution of counsel after the deadline has passed can be considered in the court's determination of whether to allow filing of an untimely motion. Pursuant to *Lenz*, a trial court may consider a recent substitution of counsel in determining whether good cause or excusable neglect exist, but it is by no means determinative. *Id*. Here, aware of the substitution of counsel after the deadline had passed, the court still determined that no good cause or excusable neglect had been shown.[2] At the hearing, the court explained the following:

> I have been explicitly clear to all counsel involved in this case and which all defendants have been at in this case . . . that this trial was, if you will, set in stone, and barring some extraordinary circumstance[,] it was going to continue down that road.

The court continued to explain:

> [At the] June 10th status conference[,] at which one of the other counsel tried to withdraw from this case and I did not allow him to completely withdraw, I made him, as a condition of withdrawing, accept a public defender conflict appointment on the very basis that I was not going to allow new counsel to come into this case in order to or with the effect of putting in jeopardy the trial date in this case.[3]

Thus, even before the court allowed counsel to withdraw, the court made it clear that as a condition of withdrawing and allowing substitution of counsel, the fact that there would be new counsel would not be a sufficient reason to change the trial date in this case. Furthermore,

---

[2]     At the hearing for the motion to enlarge time, counsel asserted the following facts for the trial court to consider in its determination: (1) he had entered the case on June 16, 2014, as a result of a conflict of interest which had arisen with prior counsel; (2) the indictment includes eleven co-defendants and carries a potential life sentence with a mandatory minimum of ten years; (3) discovery to date was in excess of 1000 pages with dozens of audio and video recordings; (4) current counsel had identified potential I.C.R. 12(b) issues; and (5) counsel was still receiving discovery disclosures from the State.

[3]     Alba then filed a second stipulation of substitution of counsel on June 16, 2014.

counsel acknowledged that the information upon which the suppression motion would be based was "information that the defendant himself has had since day one." The deadline for the pretrial motion was May 30, 2014. New counsel came in on June 16, 2014, more than two weeks after the deadline had already passed in the case. While new counsel may have found reason to file the motion where prior counsel did not, the substitution of counsel did not in and of itself create good cause or excusable neglect that would require the court to grant the motion. Aside from the fact of the post-deadline substitution of counsel, Alba has shown no other facts that would support a claim of excusable neglect or good cause because at all times prior to the deadline, Alba was represented by counsel. Thus, the district court did not err in denying the motion to enlarge time.[4]

In the alternative, Alba seeks a reduction in sentence, asserting that the district court abused its discretion by imposing an excessive sentence. Alba asserts mitigating factors including his unstable upbringing, cooperation with law enforcement upon arrest, and his LSI-R score. Both our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Applying these standards and having reviewed the record in this case, we cannot say that the district court abused its discretion by imposing Alba's sentence.

### III.

### CONCLUSION

The district court did not err in denying Alba's motion to enlarge time to allow Alba to file the motion to suppress. Furthermore, the district court did not abuse its discretion by imposing Alba's sentence. Alba's judgment of conviction and sentence are affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

---

[4] Alba also alleges that the district court assumed prior counsel was acting in his best interest, when prior counsel was not. However, Alba provides no support from the record for this assertion. In fact, the district court inquired as to the alleged conflict and after no support was given, still denied the motion.